UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HELEN STANDIFER** | **CIVIL ACTION NO. 14-2431** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CIRCLE K STORES, INC.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

This is premises liability diversity case. Plaintiff Helen Standifer ("Standifer") tripped and fell over what she claims was an unreasonably dangerous wheel stop[1] in the parking lot of Defendant Circle K Stores, Inc.'s ("Circle K") Ruston, Louisiana store. Pending before the Court is Circle K's Motion for Summary Judgment. [Doc. No. 10]. Standifer filed an opposition memorandum [Doc. No. 13], to which Circle K replied. [Doc. No. 16].

For the following reasons, Circle K's Motion for Summary Judgment is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

At 12:27 p.m. on November 15, 2011, Standifer parked her vehicle directly in front of the entrance to the Circle K store. It was a sunny day. As she walked towards the entrance, she tripped over a concrete wheel stop in front of her car. The wheel stop was placed there to prevent vehicles from jumping the curb and striking the store's entrance and a sales display of propane tanks, which was beside the entryway. *See* [Doc. No. 13-1, Exh. P1, Photo of Entrance, p. No. 13 of 23].

The parties submitted Circle K's surveillance video of the fall. [Doc. No. 13-3, Exh. 3, Surveillance Video, at 12:27:50]. The video shows Standifer exit her vehicle and approach the

---

[1] The Court uses the term "wheel stops" to refer to the elongated, concrete parking bumpers which prevent vehicles from parking outside of the marked areas in parking lots.

entrance, drink in hand. She is looking straight ahead and does not check the ground as she progresses. The wheel stop protrudes slightly, although noticeably, from the outside edge of her front left tire. Standifer's right foot clips the outside edge of the wheel stop, and she falls hard to the ground, face first. Standifer suffered a broken ankle and injured her arm, resulting in significant, albeit unspecified, medical expenses.

The wheel stop was unpainted concrete. Circle K's parking lot, in contrast to the wheel stop's gray tone, was black asphalt. *See* [Doc. No. 13-1, Exh. P1, Photo of Entrance, pg. No. 13 of 23]. It is undisputed that the bumper was well-maintained (i.e., it did not contain any rough edges or protruding rebar) and that it was firmly attached to the pavement.

Standifer alleges the bumper's placement in the path to an entryway, in conjunction with Circle K's failure to paint the bumper yellow, created an unreasonably dangerous condition. Echoing Standifer's claims and referencing non-binding guidelines published by the American Association of State Highway and Transportation Officials ("AASHTO") and the American Society for Testing and Materials ("ATSM"), Standifer's expert, Philip Beard ("Beard"), opines that the unpainted wheel stop, placed in the principal access point to the store, created a tripping hazard. [Doc. No. 13-1, Exh. A, Beard Report, p. 10].

On January 23, 2015, Circle K filed the instant Motion for Summary Judgment [Doc. No. 10], arguing that a well-maintained wheel stop does not constitute an unreasonable risk of harm under Louisiana premises liability law. On February 15, 2015, Standifer filed a memorandum in opposition [Doc. No. 13]. Circle K replied. [Doc. No. 16].

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986)).

### B. Choice of Law

Because the Court is sitting in diversity, the Court applies the substantive law of Louisiana, the forum state. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[2]

### C. Premises Liability

This Motion for Summary Judgment hinges on whether, on the particular facts of this case, the unpainted wheel stop created an unreasonable risk of harm. In Louisiana, the owner or custodian of immovable property has a duty to keep his property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Pryor v. Iberia Parish School Board*, 101683, p. 3 (La.3/15/11); 60 So.3d 594, 596. The basis for such delictual liability is established in Louisiana Civil Code articles 2315, 2316, 2317 and 2317.1.[3] *Granda v. State Farm Mutual Ins. Co.*, 04–1722, p. 5 (La. App. 1st Cir. 2/10/06); 935 So.2d 703, 707–08, *writ denied*, 06–0589 (La. 5/5/06); 927 So.2d 326. In order to recover, Standifer must establish that (1) Circle K was the owner or custodian of the wheel stop; (2) the wheel stop contained a defect, i.e., a condition that created an unreasonable

---

[2] The parties agree that Louisiana law governs this case.

[3] Louisiana Civil Code article 2317.1 provides, in relevant part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

risk of harm; (3) the unreasonably dangerous condition caused her injuries; (4) Circle K had actual or constructive notice of the condition; (5) her injuries could have been prevented by the exercise of reasonable care; and (6) Circle K breached its duty of reasonable care. *See Granda* 935 So.2d at 708.

The existence of a duty is decided as a matter of law by the court; the absence of an unreasonably dangerous condition necessarily implies the absence of a duty on the part of the defendant. *Leonard v. Ryan's Family Steak Houses, Inc.*, 2005-0775 (La. App. 1 Cir. 6/21/06); 939 So. 2d 401, 40 (citing *Oster v. Dep't of Transp. and Dev.*, 582 So.2d 1285, 1288 (La.1991)).

Louisiana courts treat the unreasonable risk inquiry as a mixed question of law and fact. *See, e.g.*, *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13); 113 So. 3d 175, 183; *Jeansonne v. South Cent. Bell Tel. Co.*, 08–568, p. 10 (La. App. 5 Cir. 1/13/09); 8 So.3d 613, 620; *Wiley v. Sanders,* 34,923, p. 7 (La. App. 2 Cir. 8/22/01); 796 So.2d 51, 56, *writ denied*, 01–2661 (La. 1/11/02); 807 So.2d 235. Unsurprisingly, because premises liability cases are naturally fact intensive and nuanced, whether a condition constitutes an unreasonably dangerous condition is generally a question of fact for the jury; however, in some circumstances, it is the court's obligation to decide as a matter of law which risks are unreasonable. *See, e.g., Labit v. Palms Casino & Truck Stop, Inc.*, 2011-1552 (La. App. 4 Cir. 5/9/12); 91 So. 3d 540, *writ denied*, 2012-1310 (La. 9/28/12); 98 So. 3d 843 (at summary judgment stage, court decided as a matter of law that an unpainted wheel stop *did not* present an unreasonable risk of harm).[4]

---

[4] *See also Odom v. Siegel*, 48,757 (La. App. 2 Cir. 1/15/14); 130 So. 3d 1024, 1028 (summary judgment in defendant's favor upheld against plaintiff's claim that a wheel stop presented unreasonable risk of harm); *Price v. Roadhouse Grill, Inc.*, 512 F. Supp. 2d 511, 516 (W.D. La. 2007) (applying Louisiana law and granting summary judgment against plaintiff's claim that wheel stop created unreasonable risk of harm); *Ports v. Circle K Stores, Inc.*, 395 F. Supp. 2d 442, 450 (W.D. La. 2005) (applying Louisiana law and finding, "as a matter of fact and

For a condition to create an unreasonable risk of harm, it must be reasonably foreseeable that the condition would cause injury to an individual exercising ordinary care under the circumstances. *Durmon,* 873 So.2d at 876. A pedestrian has a duty to observe his pathway and is held to have seen obstructions which would have been discovered by a reasonably prudent person exercising ordinary care in the circumstances. *Trice v. Isaac*, 99-839 (La. App. 5 Cir. 2/16/00); 759 So. 2d 843, 847, *writ denied*, 2000-1113 (La. 6/2/00); 763 So. 2d 600. Accordingly, if the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." *Id.* at 877. Additionally, to aid the court in making the admittedly unscientific determination of whether a condition is unreasonably dangerous, Louisiana has adopted the risk-utility test, wherein the court "must balance the gravity and risk of harm against individual societal rights and obligations, the social utility of the thing, and the cost and feasibility of repair." *Broussard,* 113 So. at 184. This risk-utility test incorporates the open and obvious doctrine–where the alleged defective condition is open and obvious, "the probability of injury is low and the thing's utility will [often] outweigh the risks caused by its defective condition." *Id.* at 185. (citing MARAIST & GALLIGAN, LOUISIANA TORT LAW § 14.03, p. 14–9 (2004 ed. Supp.2012)).

Louisiana courts applying these principles have concluded that a well-maintained wheel stop does not present an unreasonable risk of harm. *See Labit,* 91 So. 3d 540, 541. Federal courts applying Louisiana law have reached the same conclusion. *See Price v. Roadhouse Grill, Inc.*, 512

---

law" that summary judgment was appropriate for defendant where plaintiff claimed store's elevated, unpainted curb presented an unreasonable risk of harm); *Pitre v. Louisiana Tech. Univ.*, 95–1466, p. 9 (La. 5/10/96); 673 So.2d 585, 590 (summary judgment affirmed against plaintiff's claim that a concrete base of light pole constituted an unreasonable risk of harm); *Pryor,* 60 So.3d at 596 (upholding bench trial determination that bleachers in question did not present an unreasonable risk of harm).

F. Supp. 2d 511, 516 (W.D. La. 2007) (applying Louisiana law and granting summary judgment in defendant's favor where plaintiff failed to present competent evidence "indicating that the car stop in question had any physical defects.").

Even assuming that Standifer can establish the other elements of her case, she cannot overcome summary judgment because she has failed, under Louisiana law, to generate factual issues that the wheel stop created an unreasonable risk of harm. Standifer clearly failed to observe her pathway as she walked, in spite of the fact that the wheel stop was well-maintained and contrasted noticeably with the store's black asphalt parking lot. The likelihood of harm was minimal–particularly in this case because it certainly was not reasonably foreseeable that a patron, entering the store in broad daylight, would fail to notice the wheel stop and trip over it[5]–in comparison to the significant utility of preventing vehicles from jumping the curb and striking the store's propane tank display.

Moreover, Beard's opinion[6] that the wheel stop should have been painted yellow is insufficient to generate a jury question that the wheel stop created an unreasonable risk of harm under Louisiana law. In *Labit,* the Louisiana Fourth Circuit of Appeals disregarded an expert opinion that an unpainted wheel stop created an unreasonable risk of harm and upheld summary judgment in the defendant's favor. *Labit,* 91 So. 3d at 547-48. The plaintiff tripped over an unpainted wheel stop in a New Orleans casino parking lot and sued the casino, the landowner, and

---

[5] This conclusion is bolstered by the fact that surveillance video depicts at least five (5) patrons noticing the wheel stop and navigating around the wheel stop as they entered and exited the store.

[6] It is questionable that Beard's opinion constitutes an expert opinion because it is premised on the commonly known fact that a painted wheel stop provides a greater contrast than an unpainted one. This is, however, a statement of the obvious and likely requires little or no expertise.

7

the subcontractor who renovated the parking lot, claiming that the unpainted wheel stop presented a hazard. *Id.* at 42. The trial court granted summary judgment, despite expert opinions that the wheel stop should have been painted yellow and that wheel stops should not be placed in a foreseeable pedestrian path where low lighting conditions existed. *Id.* at 547, 555. The Louisiana Fourth Circuit Court of Appeals nonetheless upheld summary judgment, reasoning these expert opinions did "not constitute evidence that an unpainted wheel stop is a hazardous condition." *Id.* at 547.[7]

Louisiana law is clear: a well-maintained wheel stop does not present an unreasonable risk of harm. Applying this principle here, and emphasizing the facts that the wheel stop in question contrasted noticeably with Circle K's parking lot, and that Standifer did not observe her pathway, the Court finds as a matter of fact and law that the wheel stop did not constitute an unreasonable risk of harm.

### III. CONCLUSION

For the reasons stated above, Circle K's Motion for Summary Judgment is GRANTED, and Standifer's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 21st day of May, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[7] Moreover, the *Labit* court upheld summary judgment, despite the fact that the accident occurred at night in a parking lot which was poorly lit. Standifer's fall, in contrast, took place at midday, on a sunny day.